

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-17-2003

# USA v. Hurtado

Precedential or Non-Precedential: Non-Precedential

Docket 02-2815

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation
"USA v. Hurtado" (2003). *2003 Decisions.* Paper 641.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/641

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-2815
_____


UNITED STATES OF AMERICA

v.

DIANA HURTADO,

Appellant


_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(D.C. No. 01-cr-00133-2)
District Court Judge: Hon. James T. Giles
_____

Submitted under Third Circuit LAR 34.1(a)
April 7, 2003

Before: ALITO, FUENTES, and GREENBERG, Circuit Judges

(Opinion Filed: April 17, 2003)


_____

OPINION OF THE COURT
_____


PER CURIAM:

This is an appeal from an order of the District Court sentencing the appellant to a term of imprisonment and probation for violating conditions of supervised release. On appeal, the defendant contends that her attorney provided ineffective assistance of counsel at the hearing held to determine whether the conditions of release had been violated.

It is well established that "[c]laims of ineffective assistance of counsel should ordinarily be raised in a collateral proceeding under 28 U.S.C. § 2255." United States v. Oliva, 46 F.3d 320, 325 (3d Cir. 1995). We have recognized an exception, however, where the ineffective assistance of counsel claim is predicated on an actual showing of conflict of interest between the attorney and the accused and where the conflict is apparent from the face of the record. United States v. Jake, 281 F.3d 123, 132 n.7 (3d 2002). After carefully considering the defendant's arguments, we hold that this exception is not satisfied in this case. See United States v. Gambino, 788 F.2d 938 (3d Cir. 1986).

We have considered all of the appellant's arguments and find no ground for reversal. For these reasons, we affirm the decision of the District Court. This decision does not preclude the defendant from asserting her ineffective assistance of counsel claim in a collateral proceeding if she chooses.